# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORIENT INTERNATIONAL USA, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID W. WAGNER, )<br>)<br>Defendant/Third-Party Plaintiff, )<br>)<br>v. )<br>)<br>MURUGAN SUBRAMANIAN, )<br>)<br>Additional Defendant, )<br>)<br>v. )<br>)<br>PHASE2 MICROTECHNOLOGIES, LLC, )<br>)<br>Third-Party Defendant. ) | Civil Action No. 13-904<br>Hon. Nora Barry Fischer |

## ORDER OF COURT

AND NOW, this 5th day of March, 2014, upon consideration of Third Party Defendant pHase2 Microtechnologies, LLC's ("pHase2") Motion to Dismiss Pursuant to Rule 12(b)(6), (Docket No. [36]), and Defendant/Third Party Plaintiff David W. Wagner's ("Wagner") Response, (Docket No. [41]),

IT IS HEREBY ORDERED that the pHase2's Motion to Dismiss [36] is DENIED, as premature. The issue of indemnification is more properly brought at the summary judgment stage or at the conclusion of trial proceedings, and pHase2 may renew its arguments at that time. The Court recognizes, for example, the following indemnification provisions, contained within the Fourth Amended & Restated Limited Liability Company Agreement ("LLC Agreement"):

> 13. <u>Indemnification</u>. (a) To the fullest extent permitted by law, the LLC shall indemnify each Member, the Board Members,

> officers of the LLC, and the officers, directors, partners, members, and shareholders of any Member which is a corporation, partnership or limited liability company (each an "Indemnified Part" and collectively the "Indemnified Parties"), against any and all liability, costs, damages and expenses (including, without limitation, reasonable legal fees and expenses) incurred by and/or for any act performed by them in good faith within the scope of the authority conferred on them by this Agreement, and/or for any act in good faith omitted to be performed by them (including, without limitation, reasonable legal and other professional fees and expenses), except for their gross negligence or willful misconduct.
>
> (b) Upon approval of the Board of Managers, Expenses (including court costs and attorneys' fees) incurred in defending any proceeding shall be paid by the LLC in advance of the final disposition of such proceeding upon receipt of a written undertaking by or on behalf of an Indemnified Party to repay such amount, provided that such funds shall be repaid to the LLC if and to the extent it shall ultimately be determined by a final decision of a court of competent jurisdiction (that is not subject to appeal or as to which the time for appeal has expired) that the Indemnified Party is not entitled to be indemnified by the LLC pursuant to this Section. The LLC shall have the right to control or conduct the defense of any proceeding as to which the LLC is required to advance expenses under this Section.

(Docket No. 22-1 at 12). Consistent with the above-quoted provisions, pHase2 denies any obligation to indemnify Wagner for any fraud or intentional tort claims brought against Wagner by Plaintiff Orient International USA, Inc. ("Orient"). (Docket No. 37 at 3). Wagner, however, vehemently denies any allegations for fraud or intentional torts, (Docket No. 22 at 4), and alleges that his claim for indemnification arises out of acts that he performed in good faith within the scope of the authority conferred upon him under the LLC Agreement, (Docket No. 41 at 7).

Accordingly, the Court cannot determine at this time whether pHase2 should indemnify Wagner under the indemnification provisions of the LLC Agreement, because the facts concerning Wagner's actions in this case have not been brought out in discovery. S*ee W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010) ("In determining whether a

complaint is sufficient, courts should disregard the complaint's legal conclusions and determine whether the remaining factual allegations suggest that the plaintiff has a plausible—as opposed to merely conceivable—claim for relief."); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir.2009). Therefore, to the extent that Wagner's actions fall within the provisions of the indemnification provisions of the LLC Agreement, Wagner may be eligible for indemnification from pHase2. However, Wagner may not be eligible for the same to the extent that Wagner's actions fall outside the scope of the indemnification provisions of the LLC Agreement. For these reasons, the issue of indemnification is more properly brought before the Court following the close of fact discovery.

Based on the foregoing,

IT IS HEREBY ORDERED that Third Party Defendant pHase2's Motion to Dismiss is DENIED, without prejudice to renewing its arguments at the summary judgment stage.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record